1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

A BETTER WAY FOR BPA,

                         Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
ENERGY BONNEVILLE POWER
ADMINISTRATION,

                         Defendant.

NO.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

## I.       NATURE OF ACTION

      1.      Plaintiff A Better Way for BPA ("Better Way") brings this action under the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Through a FOIA request, Better Way

sought records from Defendant United States Department of Energy ("USDOE") Bonneville

Power Administration ("BPA"). BPA is proposing to build a 500 kilovolt lattice-steel-tower

transmission line that would run from a new substation near Castle Rock, Washington to a new

substation near Troutdale, Oregon (the "I-5 Corridor Reinforcement Project"). Prior to deciding

on a route for the project, BPA has undertaken to prepare an environmental impact statement

("EIS") for its I-5 Corridor Reinforcement Project. Better Way requested documents from the

COMPLAINT - 1

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

1   BPA related to the EIS.  BPA failed to respond to Better Way's request within the statutorily

2   prescribed time limit, failed to disclose the requested documents, and unlawfully withheld the

3   requested information.  Better Way now asks the Court to find that the BPA has violated FOIA

4   and to order BPA to respond to the request and produce all responsive agency records improperly

5   withheld from Better Way in a timely manner.

6

7       2.      Plaintiff seeks declaratory relief establishing that Defendant has violated FOIA as

8   to its I-5 Corridor Reinforcement Project FEIS request, and injunctive relief directing Defendant

9   to promptly provide Better Way with the requested information in a timely manner.

10                  **II.      JURISDICTION AND VENUE**

11      3.      This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. §

12  552(a)(4)(B).  This Court also has jurisdiction over this action under 28 U.S.C. § 1311 (federal

13  question).

14

15      4.      This Court has the authority to grant declaratory relief pursuant to the Declaratory

16  Judgment Act, 28 U.S.C. § 2201 *et seq*.

17      5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because no

18  real property is involved in this action and Plaintiff is incorporated and has its principal place of

19  business in this district.  Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

20

21      6.      This Court has the authority to award costs and attorneys' fees under 28 U.S.C. §

22  2414 and 5 U.S.C. § 552(a)(4)(E).

23                          **III.      PARTIES**

24      7.      Plaintiff Better Way is a nonprofit organization incorporated in the state of

25  Washington.  Better Way has members throughout southwest Washington.

26

COMPLAINT - 2

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300

1       8.    Better Way is dedicated to protecting the rural and forest lands of southwest

2   Washington from an unnecessary power line when alternative routes are available that would be

3   less expensive and have less adverse impact on the environment.

4       9.    Defendant BPA is an agency of the United States, within the meaning of 5 U.S.C.

5   § 552(f)(1), and has a duty to provide public access documents in its possession consistent with

6   the requirements of FOIA.  It has possession of, and control over, the records that Plaintiff seeks,

7   and is denying Plaintiff access to its records in contravention of federal law.  BPA is one of four

8   regional federal power marketing agencies within the USDOE.  BPA is located at 905 NE 11th

9   Ave., Portland, Oregon 97232.

10  **IV.    STATUTORY FRAMEWORK**

11      10.    FOIA promotes open government by providing every person with a right to

12  request and receive federal agency records.  5 U.S.C. § 552(a)(3)(A), (f).

13      11.    In furtherance of its purpose to encourage open government, FOIA imposes strict

14  deadlines on agencies to provide responsive documents to FOIA requests.  5 § 552(a)(6)(A); 10

15  C.F.R. § 1004.5(d).

16      12.    An agency must comply with a FOIA request by issuing an initial determination

17  within twenty days after receipt of the request.  5 § 552(a)(6)(A)(i); 10 C.F.R. § 1004.5(d)(1).

18      13.    The determination "must at least inform the requester of the scope of the

19  documents that the agency will produce, as well as the scope of the documents that the agency

20  plans to withhold under any FOIA exemptions."  *Citizens for Responsibility & Ethics in Wash. v.*

21  *Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013).

COMPLAINT - 3

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300

14.     An agency is entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester stating that "unusual circumstances" exist that warrant additional time.  5 U.S.C. § 552(a)(6)(B); 10 C.F.R. § 1004.5(d)(1)(iii).

15.     An agency has twenty days to make a determination with respect to any administrative appeal.  5 § 552(a)(6)(A)(ii).

16.     An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 § 552(a)(6)(A)(ii); 10 C.F.R. § 1004.5(d)(4).

17.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records.  5 552(a)(4)(B).

## V.     FACTUAL BACKGROUND

18.     The I-5 Corridor Reinforcement Project is a 500 kilovolt lattice-steel-tower transmission line that would run from a new 500 kilovolt substation near Castle Rock, Washington to a new 500 kilovolt substation near Troutdale Oregon.  BPA's stated purpose and need for the project is to increase transmission capacity in the southwest Washington/northwest Oregon area.

19.     BPA's proposed I-5 Corridor Reinforcement Project could have massive impacts to the surrounding environment if implemented.  Accordingly, BPA is required to publish an EIS detailing the environmental and adverse impacts to the environment under the National Environmental Policy Act ("NEPA").  42 U.S.C. § 4332(C).  On November 13, 2012, BPA published a Draft Environmental Impact Statement ("DEIS") for public review and comment. *See* 40 C.F.R. § 1502.9(a).  The official DEIS comment period closed on March 25, 2013.

COMPLAINT - 4

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2            20.     The EIS analyzes four action alternatives that include transmission line routes,

3    three sites for the proposed substation near Castle Rock, and one site for the proposed substation

4    near Troutdale.  40 C.F.R. § 1502.14.  The transmission line routing alternatives and options use

5    varying amounts of existing BPA right-of-way and new 150-foot-wide right-of-way.  The routing

6    alternatives and options range from about 67 to 80 miles long.  BPA is considering different

7    tower designs (single circuit, double circuit, and triple circuit) for portions of the alternatives and

8    options on existing right-of-way where existing transmission lines may be removed or replaced.

9    In addition to the transmission line and substations, the proposed project includes construction of

10   new access roads and improvements of existing access roads for the line and substations.  BPA's

11   preferred alternative is the Central Alternative using Central Option 1.

12           21.     BPA has not yet released the FEIS for the I-5 Corridor Reinforcement Project,

13   though it currently projects that it will release the FEIS in early 2016.  An FEIS is required to

14   respond to comments submitted by the public and the agency "shall discuss at appropriate points

15   in the final statement any responsible opposing view which was not adequately discussed in the

16

17   draft statement and shall indicate the agency's response to the issues raised."   40 C.F.R. §

18   1502.9(b).

19           22.     Better Way and members of Better Way have submitted comments on the DEIS.

20           23.     Plaintiff and its members were very concerned by the long delay between the end

21   of the comment period on the DEIS and the publication of the as-yet-unreleased FEIS.  As this is

22   a matter of critical concern to Better Way and its members, Better Way prepared a FOIA request

23   to BPA relating to the preparation of the FEIS and the consideration of alternatives in the NEPA

24   process.

25

26

COMPLAINT - 5

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300

1    24.    Better Way submitted its FOIA request on January 31, 2015. Specifically, Better

2  Way requested:

3          a.    BPA's contracts with consultants for work on reviewing comments

4              submitted on the DEIS.

5          b.    BPA's contracts with consultants for work on preparing the FEIS.

6

7          c.    BPA's timeframe and\or plans with regard to preparation of the FEIS.

8          d.    Any issues that were not addressed in the DEIS that BPA now expects to

9              include in the FEIS.

10         e.    All documents since December 23, 2012, that relate to any of the

11             alternative routes in Oregon.

12         f.    All studies, documents, notes, and emails related to double circuiting the

13             proposed new transmission lines using existing or new transmission towers

14             along the West Alternative, including, but not limited to, the use of

15

16             existing access roads and tower locations on wetlands.

17    25.    On February 16, 2015, counsel for Better Way revised the request to exclude

18  pricing information from contracts with consultants.

19    26.    On February 18, 2015, BPA acknowledged receipt of Better Way's revised FOIA

20  request and assigned number FOIA #BPA-201 5-00597-F to the request in a letter to Better Way.

21

22    27.    In the same letter, BPA acknowledged the 20-day deadline which can be extended

23  by 10-days only in "unusual circumstances."   5 U.S.C. § 552(a)(6)(B)(i).    BPA also

24  acknowledged that if an agency cannot fulfill the request within 30 working days, the agency

25  must (a) notify the requester and (b) work with the requester to modify or limit the scope of the

26  request or arrange an alternative time frame for processing.  5 U.S.C. § 552(a)(6)(B)(ii).

COMPLAINT - 6

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel. (206) 264-8600
Fax. (206) 264-9300

1

2

3

4

5

6

28.     Despite these clear limitations on the amount of time BPA could take to respond to Better Way's FOIA request, BPA estimated that it could not give a formal response to the request until September 30, 2015 — over seven months from when BPA received the request — due to the need to allow third party business entities time to review the records and object to any releases under 5 U.S.C. § 552(b)(4).

7

8

9

10

11

12

29.     On September 28, 2015, BPA informed Better Way that the records responsive to Better Way's FOIA request had been gathered by the agency, but would be further delayed to allow third party business entities time to review the records and object to any releases under 5 U.S.C. § 552(b)(4) — despite the fact that third party review was the justification for BPA's initial delay in releasing the records.

13

14

15

16

17

30.     On November 13, 2015, Better Way's counsel contacted the FOIA officer in charge of Better Way's FOIA request to determine the cause of delay considering that the records were already assembled.  Better Way's counsel indicated the time-sensitive nature of the request. BPA failed to provide any rational reason for any further delay and could only offer vague promises that the request was being handled.

18

19

20

21

31.     On November 16, 2015, Better Way's counsel again contacted BPA in an attempt to discern the cause of the considerable delay in producing the records.  Again, BPA could not offer an explanation for the delay.

22

23

24

32.     To date — nearly ten months after submitting the request and nine months after the statutory response deadline — Better Way has not received any documents in response to its FOIA request.

25

26

33.     Better Way has fully exhausted its administrative remedies.  Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time

COMPLAINT - 7

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300

1    limits, as stated by 5 U.S.C. § 552(a)(6)(C).  Better Way's only recourse is for this Court to

2    enforce the remedies and public access to agency records guaranteed by the FOIA.

3                                    VI.     CAUSE OF ACTION

4

5                            Violation of the Freedom of Information Act

6            34.     The foregoing paragraphs are re-alleged and incorporated by reference.

7            35.     Better Way made a proper FOIA request for information regarding BPA's

8    preparation of the FEIS and the consideration of alternatives for the proposed I-5 Corridor

9    Reinforcement Project.

10           36.     Better Way has attempted to communicate with BPA, making inquiries as to the

11   status of the request and working with the agency to narrow or clarify the scope of the request as

12   necessary, to no avail.   BPA has repeatedly failed to adequately respond to requests for

13   information under this FOIA request.

14

15           37.     BPA's failure to respond adequately to the request within statutory timelines is a

16   violation of FOIA, 5 U.S.C. § 552, and the Department of Energy's own regulations promulgated

17   thereunder, 10 C.F.R. § 1004.

18           38.     Plaintiff has fully exhausted its administrative remedies with regard to this request.

19   Administrative remedies are deemed exhausted whenever an agency fails to comply with the

20   applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C).

21

22           39.     For these reasons, BPA is in violation of FOIA and its implementing regulations.

23   5 U.S.C. § 552; 10 C.F.R. § 1004.

24           40.     Plaintiffs are entitled to their reasonable fees, costs, and expenses associated with

25   this litigation pursuant to 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

26

COMPLAINT - 8

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff A Better Way for BPA respectfully requests this Court to enter judgment in its favor, and:

1.      Declare as unlawful BPA's failure to respond to Better Way's FOIA request (FOIA #BPA-201 5-00597-F) regarding BPA's preparation of the FEIS and the consideration of alternatives for the proposed I-5 Corridor Reinforcement Project;

2.      Declare as unlawful BPA's failure to disclose records that Better Way has requested pursuant to this request;

3.      Order BPA to produce all non-exempt records requested by Better Way pursuant to request no. FOIA #BPA-201 5-00597-F as soon as practicable, by a date certain;

4.      Exercise close supervision over BPA as it processes Better Way's request no. FOIA #BPA-201 5-00597-F or, in the alternative, appoint a special master to do so;

5.      Award to Better Way all costs and reasonable attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E) or any other law; and

6.      Grant other and further relief as the Court may deem just and proper.

Dated this 9th day of December, 2015.

Respectfully submitted,

BRICKLIN & NEWMAN, LLP

By:     s/David A. Bricklin
        s/Jacob Brooks
        David A. Bricklin, WSBA No. 7583
        Jacob Brooks, WSBA No. 48720
        Bricklin & Newman, LLP
        1001 Fourth Avenue, Suite 3303
        Seattle, WA  98154
        Telephone: (206) 264-8600
        Facsimile: (206) 264-9300

COMPLAINT - 9

Bricklin & Newman, LLP
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

bricklin@bnd-law.com
brooks@bnd-law.com
Attorneys for Plaintiff

COMPLAINT - 10

**Bricklin & Newman, LLP**
Attorneys at Law
1001 Fourth Avenue, Suite 3303
Seattle WA 98154
Tel.  (206) 264-8600
Fax. (206) 264-9300